# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NEW HOPE FARM OF NELSON COUNTY, LLC, | ) )  ) |
| Plaintiff, | ) NO. 3:21-cv-00021 )  |
| v. | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE FRENSLEY |
| WAYNE O'CONNELL and GABRIELLE O'CONNELL, | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff New Hope Farm of Nelson County, LLC's ("New Hope") Motion to Enforce Settlement Agreement. (Doc. No. 37). For the reasons stated herein, the Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This case began with a Complaint filed on January 12, 2021, alleging two counts of breach of contract and one count of unjust enrichment against Defendants Wayne and Gabrielle O'Connell ("the O'Connells"). (Doc. No. 1). Upon filing of the Complaint, New Hope appears to have begun working on a resolution with the O'Connells, resulting in extensions of deadlines at New Hope's request. (*See* Doc. Nos. 10, 12). On April 21, 2021, New Hope moved for entry of default (Doc. No. 13), which the Clerk of Court denied without prejudice to refiling. (Doc. No. 15). After that order, no action occurred on the docket until February 14, 2022, when the Magistrate Judge order Plaintiff to file a status report. (Doc. No. 18).[1] New Hope filed a status report indicating that it was working with the O'Connells to reach a resolution through a negotiated forbearance agreement

---

[1] Doc. Nos. 16 and 17 reflect that the Clerk of Court mailed its order to Defendants.

and requested that the action remain pending until the terms of their agreement had been fulfilled. (Doc. No. 19). At New Hope's request that the case not be dismissed, the Court administratively closed the file with the instruction that New Hope file periodic updates. (Doc. No. 20).

On May 23, 2022, New Hope filed a Motion for Entry of Agreed Judgment (Doc. No. 21), stating that the O'Connells had breached the forbearance agreement and that New Hope was entitled to entry of an agreed order of judgment that was part of the forbearance agreement. The Court declined to enter the order and reopened the case, noting that the case had been closed to allow for resolution and resolution had apparently failed. The Court further stated that New Hope, in seeking entry of this judgment, had not "address[ed] the Court's authority to enter judgment in this case for an alleged breach that is not the subject of the complaint…" (Doc. No. 26).

After the entry of the Court's order, no action was taken in the case for five months, at which point, the Court entered an Order to Show Cause. (Doc. No. 27). New Hope responded, stating that it intended to submit new filings to the Court. (Doc. No. 28). New Hope again filed the Motion for Entry of Agreed Judgment and a Motion to File Supplemental Pleading. (Doc. Nos. 29, 31). The Motion for Entry of Agreed Judgment was denied without prejudice to refiling after the Magistrate Judge ruled on the Motion to File Supplemental Pleadings. (Doc. No. 33). The Magistrate Judge granted the motion (Doc. No. 31), and New Hope filed a Verified Supplemental Complaint, (Doc. No. 35), adding a claim for breach of the forbearance agreement. New Hope then filed its renewed Motion for Entry of Agreed Judgment, which is pending before the Court. (Doc No. 37).

## II. LAW AND ANALYSIS

New Hope alleges that the O'Connells breached the forbearance agreement thereby entitling New Hope to damages. New Hope seeks to recover those damages through entry of an

agreed judgment that was part of the forbearance agreement. By previous Order, the Court raised two related concerns with this course of action: (1) that the breaches giving rise to New Hope's motion are only allegations; and (2) that the Court did not have authority to enter judgment for breach of an agreement not alleged in the complaint. (Doc. No. 26). New Hope remedied the second issue with a supplement to its complaint. (Doc. No. 35). New Hope has failed, however, to show how entry of agreed judgment based on nothing more than allegations of breach is appropriate or supported by law.

New Hope has consistently argued that the entry of this agreed judgment is appropriate because it was part of the forbearance agreement allegedly breached by the O'Connells. And New Hope is correct that the Court may enforce a settlement when "the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 379-80 (1994). New Hope is incorrect, however, that the order administratively closing the case functions as an adoption of the parties' agreement such that the Court may now enforce it.

The Court's previous Order (Doc. No. 20) neither adopted the parties' agreement nor dismissed the case. First, the Court was never provided the forbearance agreement to review or otherwise adopt. And second, judgment was never entered in this case. Rather, the Court did precisely as New Hope asked and left the action pending, administratively closing the case file, while the parties attempted to reach resolution of their disagreements. (*See* Doc. No. 19 at ¶ 4). As the Court previously noted, that resolution has apparently failed. New Hope's attempts to enforce an agreement never adopted, approved, or otherwise entered by this Court are not well taken or supported by law. The Motion for Entry of Agreed Judgment (Doc. No. 37) is **DENIED**.

3

Currently before the Court are allegations of breaches of various agreements between the parties. (Doc. No. 35). The parties' independent attempts at resolution have been unsuccessful. Therefore, this case will proceed. The Magistrate Judge will set a case management conference by separate order.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE