# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| NEW HOPE FARM OF NELSON COUNTY, LLC, a Kentucky limited liability company, | ) ) ) ) Case No. 3:21-cv-00021 |
| Plaintiff, | ) ) District Judge William L. Campbell, Jr. |
| v. | ) Magistrate Judge Jeffery S. Frensley ) |
| WAYNE O'CONNELL, an adult individual; and GABRIELLE O'CONNELL, an adult individual, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER DENYING APPLICATION FOR ENTRY OF DEFAULT

Pending is Plaintiff's Application for Entry of Default against Defendants Wayne O'Connell and Gabrielle O'Connell pursuant to Federal Rule of Civil Procedure 55. (Doc. No. 44). For the following reasons, the Application for Entry of Default is **DENIED**.

This case has a long procedural history, but in relevant part Plaintiff filed its original Complaint against Defendants on January 12, 2021. (Doc. No. 1). Summonses were issued as to Defendants on January 13, 2021. (Doc. No. 6). On March 8, 2021, counsel for Plaintiff and Defendants[1] filed a Stipulation in which the parties stipulated that both Defendants were properly served with copies of the original Complaint and Summons. *Id.* at ¶¶ 2 and 3.

The Complaint asserts the following causes of action against Defendants: 1) breach of contract for failure to pay amounts due and owing under a promissory note in the principal amount

---

[1] The attorney who executed the Stipulation, Mark S. Pollock, has not entered an appearance for Defendants in this litigation.

of $500,000.00 ("First Note"); 2) breach of contract for failure to pay amounts due and owing under a promissory note in the principal amount of $200,000.00 ("Second Note"); and 3) unjust enrichment for failure to repay all amounts loaned. (Doc. No. 1).

On August 24, 2023, the Court granted Plaintiff's Motion to File a Supplemental Pleading. (Doc. No. 34). On that date, Plaintiff filed a Verified Supplemental Complaint ("Supplemental Complaint") in which it adds a cause of action for breach of contract associated with Defendants' alleged breach of a Forbearance Agreement. (Doc. No. 35, at PageID #: 232). Plaintiff filed a separate Certificate of Service executed by counsel declaring that Plaintiff served Defendants with the Supplemental Complaint by "first class United States Mail, postage prepaid." (Doc. No. 38).

Pursuant to Local Rule 55.01, motions for entry of default under Fed. R. Civ. P. 55(a) must be accompanied by an unsworn declaration under penalty of perjury under 28 U.S.C. § 1746 verifying, among other things, "(i) proof of service; (ii) the opposing party's failure to plead or otherwise defend; (iii) if the opposing party is an individual, that the opposing party is not a minor or incompetent person; and (iv) if the opposing party is an individual, that the opposing party is not in the military service, as required by 50 U.S.C. § 3931(b)(1). Evidence from the Defense Manpower Data Center, or other reliable source, confirming that the opposing party is not in the military service must be appended to the unsworn declaration." L.R. 55.01.

The Clerk finds that Plaintiff has met its obligations under Local Rule 55.01(ii)-(iv); however, Plaintiff has not yet met its burden to establish proof of service of the Supplemental Complaint under Local Rule 55.01(i). Rule 5 regulates service of "every pleading subsequent to the original complaint." Fed. R. Civ. P. 5(a). With regard to service of such pleadings on parties in default, Rule 5 provides:

2

> No service need be made on parties in default for failure to appear *except that pleadings asserting new or additional claims for relief against them shall be served upon them in the manner provided for service of summons in Rule 4.*

Fed. R. Civ. P. 5(a)(2) (emphasis added). Because Defendants have not entered an appearance in this action and because Plaintiff's Supplemental Complaint asserts a new breach of contract claim Plaintiff was required to serve Defendants in the manner provided for in Rule 4. *See* Charles Alan Wright, Arthur R. Miller & Adam N. Steinman, *Federal Practice and Procedure* §1144 (2015). ("[A] party who is default for failure to appear is entitled to receive a pleading asserting a new claim for relief against him, but it must be served on him under Rule 4 as if it were original process."). *See also*, James Wm. Moore et al., *Moore's Federal Practice* § 5.03[4]. ("Parties who have never made an appearance in the proceedings (and are thus in default for failure to appear) must be served with a copy of any pleading or similar paper which asserts a new or additional claim for relief against such absentee party under the provisions of Rule 4.").

In this case, Plaintiffs did not have summonses issued and sent copies of the Supplemental Complaint to Defendants via first class U.S. Mail. Service in this manner does not comply with the requirements of Rule 4. Federal Rule of Civil Procedure 4(e)(1), allows an individual to be served in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Tennessee Rule of Civil Procedure 4.04(10) expressly allows service by registered return receipt mail or certified return receipt mail. Tenn. R. Civ. P. 4.04(10). For service to be effective, the return receipt must be signed by the defendant, a person designated by Rule 4.04, or by statute. *Id.* Moreover,

> [s]ervice by mail shall not be the basis for the entry of a judgment by default unless the record contains either (a) a return receipt showing personal acceptance by the defendant or by persons designated by Rule 4.04 or statute; or (b) a return receipt

stating that the addressee or the addressee's agent refused to accept delivery, which is deemed to be personal acceptance by the defendant pursuant to Rule 4.04(11).

*Id.* In this case, Plaintiff did not have summonses issued and did not send the Supplemental Complaint to Defendants by certified or registered mail.

"Due process requires proper service of process for a court to have jurisdiction to adjudicate the rights of the parties, by default or otherwise. Proper service under Rule 4 is therefore a necessary prerequisite to entry of a default or a default judgment." *Ingram Barge Co., LLC v. Musgrove*, No. 3:17-CV-01526, 2019 WL 1226818, at *3 (M.D. Tenn. Mar. 8, 2019), *report and recommendation adopted*, No. 3:17-CV-01526, 2019 WL 1212094 (M.D. Tenn. Mar. 14, 2019) (internal citations omitted). "The burden is on the plaintiff to exercise due diligence to perfect service of process after the filing of the complaint and the burden is also on him to establish that proper service has been made." *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980) (internal citations omitted). *See also Jones v. Volkswagen of America, Inc.*, 82 F.R.D. 334, 335 (E.D. Tenn. 1978). Plaintiff has not yet met this burden. As a result, the Application for Entry of Default against Wayne O'Connell and Gabrielle O'Connell (Doc. No. 44) is **DENIED**.

s/Lynda M. Hill  
Lynda M. Hill  
Clerk of Court